

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VINCENT MORGAN,                                                    PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 3:17CV102 SA JMV

TUNICA COUNTY SHERIFF K.C. HAMP, Individually
and in His Official Capacity as Sheriff of Tunica County,
Mississippi; and REGINALD BOYKIN, Individually and
in His Official Capacity as Deputy Sheriff of Tunica
County, Mississippi,                                               DEFENDANTS.

## COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Vincent Morgan, an adult resident citizen of Desoto County, Mississippi, and files this Complaint for Damages and Injunctive relief against the defendants in this cause and respectfully states unto the Court the following:

### I. COUNT ONE: PARTIES:

1. Plaintiff is an adult resident citizen of Desoto County, Mississippi and is now, and at the time of the acts complained of herein, a duly Mississippi licensed soliciting bail bond agent, employed by Interstate Bail Bond Company, a duly licensed Mississippi bail bond company based in Hernando, Desoto County, Mississippi. Plaintiff wrote the majority of his bail bonds for individuals incarcerated in the Tunica County Jail at the time of the acts of which he complains herein.

2. Defendant K.C. Hamp was the duly elected sheriff of Tunica County, Mississippi at the time of the alleged acts herein, a position he currently holds. He is sued herein in his individual and official capacities, and is a resident of Tunica County, where the acts complained of occurred.

3. Reginald Boykin was a Tunica County deputy sheriff, employed as the chief jail administrator at the time of the acts complained of herein. He served at the will and pleasure of Defendant Sheriff K.C. Hamp, among other things, supervising jail personnel and carrying through jail policies, practices, procedures, decisions and customs established and implemented by Sheriff Hamp for the operation of Tunica County Jail. He is sued herein in his individual and official capacities, and is also a Tunica County resident.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked under 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4). This suit is authorized by and brought pursuant to 42 U.S.C. Sections 1983 and 1988 to redress the deprivation and abridgement of certain of Plaintiff's rights by Defendants, under color of law, conferred under the U.S. Constitution's First Amendment and Fourteenth Amendment Due Process, Equal Protection and Privileges and Immunities Clauses.

## III. FACTS

5. Plaintiff began writing bail bonds for Tunica County Jail inmates sometime in the year 2002 and set up an office in Tunica town sometime in 2014. He soon noticed a sharp down turn in his business and, after investigation, was advised by potential clients making contact of their diversion to other local companies by jail personnel, who, in the process, disparaged Plaintiff's business. Plaintiff's further investigation revealed kinships between the diverting jail personnel and the preferred bondsmen.

6. Plaintiff initially made numerous unsuccessful efforts to meet with Defendant Hamp to discuss the diversion problem and eventually was referred by Defendant Hamp's secretary to Defendant Reginald Boykin, while advising of Defendant Hamp's refusal to meet

with him. Plaintiff met with Defendant Boykin by chance about 10 days later during which Boykin rebuffed Defendant upon broaching the diversion problem, refused to discuss it and advised Defendant of his intentions to request the County Justice and Circuit Court Judges to refuse his bonds.

7. Plaintiff also met with Defendant Sheriff Hamp by chance approximately one week later in the Tunica County Jail yard, when, upon broaching the diversion problem, Defendant Hamp also refused to discuss it and referred Plaintiff to Commander Bridges of Internal Affairs, who, upon contact, also rebuffed the plaintiff.

8. Plaintiff, chilled by Defendant Boykin's earlier threat and Defendant Hamp's reaction, decided against further complaints; however, on or about October, 2016, while appearing on the jail premises to make a bond at the request of an inmate's family, he over heard a member of the jail staff disparage Plaintiff's business and insist that the bond be written by a local agent, known to have kinship on the jail staff. He again politely complained.

9. Approximately four days later, Defendant Boykin advised Plaintiff that he had been removed by Defendant Hamp from the approved bond writing list because of his cooperation with the F.B.I. in an earlier investigation of the Sheriff's office and his criticism of the manner in which the Sheriff ran the county jail, particularly with respect to handling bonds. Plaintiff found Sheriff Hamp at a local funeral home approximately 3 days later, who confirmed Plaintiff's removal by him and advised Plaintiff against further appearances on the jail premises to write bonds. Sheriff Hamp advised Plaintiff's company of this decision by letter dated November 8, 2016, a copy of which is attached hereto as "Exhibit A."

10. Plaintiff has subsequently sought reinstatement and meetings, which were

refused. Meanwhile, similarly situated Mississippi licensed local bondsmen having kinships and relationships with Defendants and the jail staff have continued unconstrained to write bonds in Tunica County, Mississippi, and have remained on Defendant Hamp's approved list. The removal and refused reinstatement of Plaintiff violates Plaintiff's equal protection rights guaranteed under the United States Constitution, as Plaintiff is being denied privileges afforded the similarly situated preferred bondsmen.

11. The removal of Plaintiff from the approved list by Defendants was arbitrary and capricious, and done without notice, hearing, or the opportunity to be heard, all in violation of the Due Process Clause of the United States Constitution.

12. That Plaintiff's removal was retaliatory in nature for Plaintiff's dutiful cooperation with law enforcement officials in their earlier investigation of Defendant Hamp and for the exercise of his First and Fourteenth Amendment right to free speech on matters of public concern, all in violation of rights secured to Plaintiff under the U.S. Constitution.

13. That Defendants Sheriff Hamp and Reginald Boykin acted in concert and engaged in a conspiracy to retaliate against Plaintiff and to deny his Constitutional rights.

14. That at all times material hereto, Defendants Boykin and Hamp were acting under color of law and pursuant to policies, procedures, practices, customs and decisions made and implemented by Defendant Hamp for the operation of the Tunica County jail.

15. That at all times material hereto, Defendant Hamp was the final policy maker for Tunica County, Mississippi with respect to the operation of the Tunica County, Mississippi Jail, and was deliberately indifferent to the manner in which the policies, practices decisions and procedures were carried out by personnel under his control and supervision, and

particularly by Defendant Reginald Boykin.

16. That the policies, practices, procedures, decisions and customs established, adopted and implemented by Defendant Sheriff Hamp were the proximate causes and driving forces behind the violations of Plaintiff's rights referenced herein, and proximate causes of the damages suffered by Plaintiff, including emotional distress and loss of income.

## IV. COUNT TWO: PUNITIVE DAMAGES

17. Plaintiff incorporates by reference all of the allegations of Count One of the Complaint and states that the actions of the Defendants described above were malicious and committed in callous and reckless disregard of Plaintiff's protected rights, and that the Defendants were recklessly indifferent to Plaintiff's protected Constitutional rights and, therefore, Plaintiff is entitled to punitive damages against Defendants in their individual capacities.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully prays that the Court, upon hearing, will award unto him compensatory damages, a permanent injunction against Defendants and reasonable attorney fees under 42 U.S.C. Section 1988 and other applicable law. Plaintiff also prays for general relief, and requests a jury trial under Rule 38 of the F.R.C.P. and Rule 38 of the L.U. Civ. Rules.

RESPECTFULLY SUBMITTED this the 25th day of May, 2017.

*/s/ Lucius Edwards*
LUCIUS EDWARDS, MISS. BAR NO. 5482
DRAWER 313, HERNANDO, MS 38632
662-429-5786 AND 662-429-2268 (TELEFAX)
E-MAIL: e_lucius @comcast.net

ATTORNEY FOR PLAINTIFF