IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| VINCENT MORGAN, | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| | ) CIVIL ACTION NO. 3:17-CV-102-SA-JMV |
| TUNICA COUNTY SHERIFF K.C. | ) |
| HAMP, Individually and in his Official | ) |
| Capacity as Sheriff of Tunica County | ) |
| Mississippi; and REGINALD BOYKIN, | ) |
| Individually and his Official Capacity as | ) |
| Deputy Sheriff of Tunica County, | ) |
| Mississippi, | ) |
| *Defendants*. | ) |

**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**

COME NOW Defendants, through their attorney of record, John Keith Perry, Jr. as Board Attorney for the Tunica County Board of Supervisors, K.C. Hamp in his Official Capacity as Sheriff of Tunica County, Mississippi Reginald Boykin, in his Official Capacity as Deputy Sheriff of Tunica County, Mississippi and file this Answer to Plaintiff's Complaint for Damages, Declaratory, and Injunctive Relief.  In support of this Answer, Defendants to this action, would answer and state as follows:

1. Answering Paragraph Number (1) of the Section of the Complaint Labeled "Count One: Parties," Defendants are without sufficient knowledge to admit or deny the allegations and averments as made in the paragraph and demand strict proof thereof.

2. Answering Paragraph Number (2) of the Section of the Complaint Labeled "Count One: Parties," Defendants admit the Defendant K.C. Hamp is the duly elected sheriff of Tunica

1

County, Mississippi and that Plaintiff has filed suit naming Sheriff Hamp both individually and in his official capacity. Defendants further admit that Defendant K.C. Hamp is a resident of Tunica County, Mississippi. All other averments and allegations are denied and Defendants would demand strict proof thereof.

3. Answering Paragraph Number (3) of the Section of the Complaint Labeled "Count One: Parties," Defendants admit the Defendant Reginald Boykin is employed as a deputy sheriff in Tunica County, Mississippi and that Plaintiff has filed suit naming Deputy Sheriff Boykin both individually and in his official capacity. Defendants further admit that Defendant Boykin is a resident of Tunica County, Mississippi. All other averments and allegations are denied and Defendants would demand strict proof thereof.

4. Answering Paragraph Number (4) of the Section of the Complaint Labeled "Jurisdiction," Defendants are without sufficient knowledge to admit or deny under what statutory construction Plaintiffs invoke jurisdiction before this Court, but deny the allegations that would give rise their jurisdictional assertions and would demand strict proof thereof.

5. Answering Paragraph Number (5) of the Section of the Complaint Labeled "Facts," Defendants are without sufficient knowledge to admit or deny the allegations and averments contained within the paragraph and demand strict proof thereof.

6. Answering Paragraph Number (6) of the Section of the Complaint Labeled "Facts," Defendants are without sufficient knowledge to admit or deny the allegations and averments contained within the paragraph and demand strict proof thereof.

7. Answering Paragraph Number (7) of the Section of the Complaint Labeled "Facts," Defendants are without sufficient knowledge to admit or deny the allegations and averments contained within the paragraph and demand strict proof thereof.

8. Answering Paragraph Number (8) of the Section of the Complaint Labeled "Facts," Defendants are without sufficient knowledge to admit or deny the allegations and averments contained within the paragraph and demand strict proof thereof.

9. Answering Paragraph Number (9) of the Section of the Complaint Labeled "Facts," Defendants are without sufficient knowledge to admit or deny the allegations and averments contained within the paragraph and demand strict proof thereof.

10. Answering Paragraph Number (10) of the Section of the Complaint Labeled "Facts," Defendants are without sufficient knowledge to admit or deny the allegations and averments contained within the paragraph except that Defendants specifically deny that any removal of Plaintiff from any list was retaliatory and/or outside the authority and color of the law and demand strict proof thereof.

11. Answering Paragraph Number (11) of the Section of the Complaint Labeled "Facts," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof. To be sure, to lawfully work as a bail bondsman within the State of Mississippi is required to register with the Mississippi Insurance Commission's MSBondSource.com website ("Exhibit A") but has failed to do so as of the date of the Complaint ("Exhibit B")

12. Answering Paragraph Number (12) of the Section of the Complaint Labeled "Facts," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof.

13. Answering Paragraph Number (13) of the Section of the Complaint Labeled "Facts," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof.

14. Answering Paragraph Number (14) of the Section of the Complaint Labeled "Facts," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof.

15. Answering Paragraph Number (15) of the Section of the Complaint Labeled "Facts," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof.

16. Answering Paragraph Number (16) of the Section of the Complaint Labeled "Facts," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof.

17. Answering Paragraph Number (17) of the Section of the Complaint Labeled "Punitive Damages," Defendants deny the allegations and averments contained within the paragraph and demand strict proof thereof.

18. Answering the Paragraph that begins "WHEREFORE PREMISES CONSIDERED," of the Section of the Complaint Labeled "Punitive Damages," Defendants deny the allegations, averments, and requests for relief contained within the paragraph and demand strict proof thereof.

AND NOW, having fully answered the Plaintiff's Complaint For Damages, Declaratory, and Injunctive Relief as filed by the Plaintiff, Defendants respectfully request that this Honorable Court dismiss the Complaint at Plaintiff's cost.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Defendants pray that Plaintiff's Complaint for Damages, Declaratory, and Injunctive Relief be dismissed at Plaintiff's costs and Plaintiff be

ordered to pay Defendant's cost for defending this action.  Defendant also prays for general relief, be it legal or equitable, that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 16th day of June 2017.

          /s/ John Keith Perry, Jr.
          John Keith Perry Jr. MSB No. 99909
          Perry Griffin, PC
          5699 Getwell Road Building G5
          Southaven, MS  38672
          (662) 536-6868 (phone)
          (662) 536-6869 (fax)
          JKP@PerryGriffin.com
           *Attorney for Tunica County Board of Supervisors*

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that I have this day served a true and correct copy of the above and foregoing Answer to Complaint for Damages, Declaratory, and Injunctive Relief on the following counsel of record via e-mail or U.S. Mail, postage prepaid.

>Lucius Edwards
>P.O. Box Drawer 313
>Hernando, MS 38632
>662-429-5789 (phone)
>662-429-2268 (fax)
>e_lucius@comcast.net

This the 16th day of June 2017

>/s/ John Keith Perry, Jr.
>John Keith Perry Jr. MSB No. 99909
>Perry Griffin, PC
>5699 Getwell Road Building G5
>Southaven, MS 38672
>(662) 536-6868 (phone)
>(662) 536-6869 (fax)
>   *Attorney for Tunica County Board of Supervisors*