IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VINCENT MORGAN,                                                                                     PLAINTIFF,

VS.                                          CIVIL ACTION NO. 3:17-CV-102-SA-JMV

TUNICA COUNTY SHERIFF K.C. HAMP, Individually
and in His Official Capacity as Sheriff of Tunica County,
Mississippi; and REGINALD BOYKIN, Individually and
in His Official Capacity as Deputy Sheriff of Tunica
County, Mississippi,                                         DEFENDANTS.

PLAINTIFF'S
AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Vincent Morgan, an adult resident citizen of Desoto County, Mississippi, and files this Complaint for Damages and for Declaratory and Injunctive Relief against the defendants in this cause and respectfully states unto the Court the following:

I. COUNT ONE: PARTIES:

1. Plaintiff is an adult resident citizen of Desoto County, Mississippi and is now, and at the time of the acts complained of herein, a citizen of the United States and a duly Mississippi licensed soliciting bail bond agent in good standing with the Mississippi Department of Insurance, the licensing agency for bail bond writing in the State of Mississippi, and in all respects eligible and qualified by the State of Mississippi to engage in the bail bonding business in the state, including in Tunica County, Mississippi. Plaintiff at the time of the acts complained of herein, was employed by Interstate Bail Bond Company based in Hernando, Mississippi, which was also in all respects qualified and authorized by the state to write bonds in the state of Mississippi, including Tunica County, Mississippi.

Plaintiff wrote the majority of his bail bonds for individuals incarcerated in the Tunica County Jail at the time of the acts of which he complains herein.

2.      Defendant K.C. Hamp was the duly elected sheriff of Tunica County, Mississippi at the time of the alleged acts herein, a position he currently holds,  and had, and presently holds, by virtue of his position as sheriff, sole authority under Mississippi law, to choose, retain and authorize bonding companies and agents to write bail bonds in Tunica County, Mississippi.  He was and remains the final policy maker for Tunica County, Mississippi with respect to operation of the Tunica County Jail for the county, and exercised sole authority for choosing and retaining bail bonding companies and agents for conducting bonding business at the Tunica County Jail.  At all times material hereto, Defendant Hamp intentionally abused this authority by, without objective reasonableness, clearly, intentionally and purposely violating Plaintiff's clearly established Constitutionally and statutorily protected rights herein.

3.      That Defendant Hamp was a "person" in the meaning of 42 U.S.C. Section 1983 at the time of the acts complained of herein, and was intentionally acting under authority conferred in him by the State of Mississippi as Sheriff of Tunica County, Mississippi at the time, including at the time of his intentional and purposeful violation of Plaintiff's clearly established Constitutionally and statutorily protected rights complained of herein, without objective reasonableness.  He is sued herein in his individual and official capacities, and is a resident of Tunica County, where the acts complained of occurred.

4.      Reginald Boykin was a Tunica County deputy sheriff, employed as the chief jail administrator at the time of the acts complained of herein. He is also a "person" in the meaning of 42 U.S.C. Section 1983.  He served at the will and pleasure of Defendant Sheriff K.C. Hamp,

among other things, supervising jail personnel and carrying through jail policies, practices, procedures, decisions and customs established and implemented by Sheriff Hamp for the operation of Tunica County Jail. He is sued herein in his individual and official capacities, and is also a Tunica County resident. At the time of the acts complained of herein, Defendant Boykin was intentionally abusing and acting under the authority of a law enforcement officer for Tunica County, Mississippi, under Mississippi law, including at the time of his objectively unreasonable purposeful and intentional violations of Plaintiff's clearly established Constitutionally and statutorily protected rights.

5. Tunica County is a "municipality" in the meaning of 42 U.S.C. Section 1983 jurisprudence, and the intentional deprivations of Plaintiff's Constitutionally and statutorily protected rights, under color of Mississippi law, and proximately resulting damages, are attributable to and proximately and directly caused by the enforcement of intentionally discriminatory decisions, practices and policies of Sheriff Hamp as final policy maker for Tunica County on matters pertaining to the Tunica County Jail.

## II. JURISDICTION

6. Jurisdiction of this Court is invoked under 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4). This suit is authorized by and brought pursuant to 42 U.S.C. Sections 1983 and 1988 to redress the objectively unreasonable intentional and purposeful deprivation and abridgement of certain of Plaintiff's clearly established Constitutionally and statutorily protected rights by Defendants, under color of law, conferred under the U.S. Constitution's First Amendment's Clause relative to freedom of protected speech and Fourteenth Amendment Due Process, Equal

Protection and Privileges and Immunities Clauses.

Plaintiff contends that Defendants, under color of law, objectively unreasonably purposely and intentionally violated his clearly established Constitutionally and statutorily protected rights of protected free speech conferred under the First and Fourteenth Amendments when Defendants intentionally retaliated against Plaintiff by removing him from the approved bond writing list for criticizing the Sheriff's office for the manner in which it operated the Tunica County Jail and handled bail bond activities, a matter, he contends, of public concern, without rational basis. Plaintiff also contends that Defendants' intentional removal of him was in intentional retaliation for his cooperation in an earlier investigation of the Sheriff's office, also a clear intentional violation of his First and Fourteenth Amendment rights to protected free speech.

Plaintiff further states that the Defendants intentionally and purposely and objectively unreasonably violated his clearly established Constitutionally and statutorily protected rights to life, liberty and property without due process in violation of Plaintiff's Fourteenth Amendment Due Process rights when Defendants, under color of law, intentionally arbitrarily and capriciously removed Plaintiff from the approved list, without notice and an opportunity to be heard, and, further, intentionally violated his clearly established Constitutionally protected Equal Protection rights and his Constitutionally protected rights under the Privileges and Immunities Clause when Defendants, under color of law, engaged in intentional disparate treatment of Plaintiff, without rational basis and objective reasonableness, by removing Plaintiff for his criticisms of jail operations by Defendants when other criticizing bondsmen preferred by Defendants and having relationships with Defendants and jail staff were not.

III. FACTS

7. Plaintiff began writing bail bonds for Tunica County Jail inmates sometime in the year 2002 and set up an office in Tunica town sometime in 2014. After noticing a sharp decline in his business, Plaintiff launched an investigation which revealed a diversion of his clients by jail staff to competing bondsmen related to Defendants or jail staffers, who, in the process, disparaged Plaintiff's business.

8. Plaintiff politely complained on numerous occasions to jail staff and the Defendants regarding the problem to no avail, but met with Defendant Boykin by chance sometime in early October, 2016, during which Boykin threatened to have Plaintiff removed from the approved bond writing list if he refused to end his criticisms of the Department. Defendant Hamp, days later, confirmed to Plaintiff his instructions to Defendant Boykin relative to his possible removal.

9. Plaintiff, chilled by Defendant Boykin's threat and Defendant Hamp's reaction, decided against further complaints; however, sometime later in October, 2016, Plaintiff again politely complained to Defendants regarding jail practices and their handling of his complaints after overhearing a jail staffer disparage Plaintiff's business and steer Plaintiff's client to a competing bondsman preferred by Defendants.

10. Approximately four days later, Defendant Boykin advised Plaintiff that he had been removed by Defendant Hamp from the approved bond writing list because of his cooperation with the authorities in an earlier investigation of the Sheriff's office and his criticism of the manner in which the Sheriff ran the county jail, particularly with respect to handling bonds. Sheriff Hamp confirmed his removal of Plaintiff three days later during a chance meeting with Plaintiff and, after Plaintiff's entreaties, advised Plaintiff that he was the

sheriff of the county and could do as he pleased.

Sheriff Hamp called Plaintiff's employer the following day to advise of the removal and gave to her the Plaintiff's criticisms as his reasons. Sheriff Hamp followed this conversation with a letter dated November 8, 2016, a copy of which is attached hereto as "Exhibit A."

11. On numerous occasions since and prior to his removal, Plaintiff has witnessed other bail bondsmen having relationships with Defendants and jail staff openly criticize the Sheriff and the Department regarding jail operations in the presence of Defendants; however, none was disciplined in any way or removed from the approved list, as the Plaintiff, without rational basis or objective reasonableness. These bondsmen, otherwise similarly situated with Plaintiff in all other respects, have continued to write bonds unconstrained; at all times material hereto, Defendant Hamp, under Mississippi law, had sole authority to approve or disapprove of bond writers in Tunica County, Mississippi.

12. Plaintiff was intentionally not given notice of a hearing, a hearing or a right to be heard prior to or at any point before, during or after the removal.

13. Plaintiff has subsequently sought reinstatement and meetings, which were refused. Plaintiff's removal was intentional and purposeful on the part of the Defendants, intentionally done under color of law, and was an objectively unreasonable intentional and purposeful violation by Defendants, under color of law, of Plaintiff's Constitutionally and statutorily protected rights of protected free speech under the U.S. Constitution's First and 14th Amendments on matters of public concern, which exceeded the Defendants' interest in promoting any other interest; that the Plaintiff's Constitutionally protected speech was the proximate cause and motivating factor behind his removal and continued bar by Defendants.

14. That Defendants' purposely objectively unreasonably and intentionally, under color of law, violated Plaintiff's statutorily and Constitutionally protected 14th Amendment Equal Protection rights in their intentional disparate treatment of Plaintiff by purposefully and intentionally denying unto Plaintiff his statutorily and Constitutionally protected rights to life, liberty, property, pursuit of happiness, equal treatment and equal opportunity under the law, under clearly established law, without objective reasonableness or rational basis.

15. That at all times material hereto, the Defendants were acting in their official and individual capacities, and were acting intentionally under color of state law conferred upon Sheriff Hamp as Sheriff of Tunica County, Mississippi and, as such, the sole final policy and decision maker for Tunica County, Mississippi on matters pertaining to the operation of the county jail; that the Defendants' intentional untoward behavior, objectively unreasonableness and intentional and purposeful violations of the Plaintiff's clearly established Constitutionally and statutorily protected rights, under color law, was done pursuant to and made possible by Defendants' status as law enforcement officers, conferred with powers granted to Defendants by the State of Mississippi, and the intentionally abusive execution of the Defendants' decisions and policies therefrom were the sole, direct and proximate causes and moving forces behind the Defendants' intentional and purposeful violations of the Plaintiff's Constitutionally and statutorily protected rights as alleged herein, and damages which proximately resulted.

16. That the Defendants' intentional execution of the Defendants' decisions and policies referenced herein was the sole, direct and proximate cause of the intentional and purposeful violations of the Plaintiff's protected rights referenced herein, which were the sole, direct and proximate cause of the damages sustained by Plaintiff herein, including the

emotional distress, and pecuniary damages sustained.

17. The removal of Plaintiff from the approved list, and intentional disparate treatment of him, was arbitrary and capricious, done without notice, hearing or the opportunity to be heard, and without rational basis, all in clear violation of the Plaintiff's aforementioned protected rights under the 14th Amendment Due Process, Equal Protection and Privileges and Immunities Clauses; that Plaintiff's removal was an intentional retaliation by Defendants against Plaintiff, for the exercise of his Constitutionally protected free speech rights in speaking on matters of public concern with state agency officials in their investigation of the Tunica County Sheriff's Department, and of his criticisms of the Sheriff's office; that matters regarding the operation of the Tunica County Jail are matters of public concern to the residents and tax payers of Tunica County, Mississippi.

18. That the Defendants herein intentionally acted in concert and engaged intentionally in a conspiracy to intentionally retaliate for the exercise of his Constitutionally protected rights referenced herein; that at all times material hereto, the Defendants were intentionally acting abusively under the color of Mississippi law and pursuant to authority conferred upon Defendant Hamp by state law, and pursuant to the decisions, policies, practices and customs established, made and implemented by Defendant Hamp with respect to operation of the Tunica County Jail; that at all times material hereto, Defendant Hamp was intentionally indifferent to the manner in which the decisions, practices policies and procedures he established were carried out by personnel under his control, particularly by Defendant Boykins.

19. That at all times material hereto, Defendant Hamp intentionally abused his

power and authority conferred by state law to, without objective reasonableness, clearly violate Plaintiff's Constitutionally protected rights referenced herein, without rational basis.

## IV. COUNT TWO; PUNITIVE DAMAGES

20. Plaintiff incorporates by reference all of the allegations of Count One of the Complaint.

21. That the acts of the Defendants described herein above were committed without objective reasonableness, intentionally, purposefully, in intentional retaliation, and with malice in reckless disregard of Plaintiff's Constitutionally protected rights and, therefore, Plaintiff is entitled to punitive damages from the Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief from Defendants and Tunica County:

1. Compensatory damages against all and punitive damages, individually, against the Defendants in an amounts to be determined at trial, including damages for emotional distress and embarrassment; for prejudgment and post judgment interest; for attorney fees and costs under 42 U.S.C Section 1988; for a Declaratory Judgment against Defendants, declaring their removal of Plaintiff in violation of his Constitutional rights; reinstatement of the Plaintiff to the approved list of bond writers for Tunica County, Mississippi, and a permanent injunction enjoining his removal.

2. Plaintiff prays for such other relief deemed proper in the premises, including punitive damages against Defendants Hamp and Boykin in their individual capacities.

3. Plaintiff also requests a jury trial under Rule 38 of the F.R.C.P. and Rule 38 of the

L.U. Civ. Rules.

RESPECTFULLY SUBMITTED this the 4th day of October, 2017.

/s/  Lucius Edwards, Ms Bar No. 5482
_____

LUCIUS EDWARDS, MISS. BAR NO. 5482
DRAWER 313, HERNANDO, MS 38632
662-429-5786 AND 662-429-2268 (TELEFAX)
E-MAIL: e_lucius@comcast.net

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that true and correct copies of the foregoing Plaintiff's Amended Complaint for Damages, Etc. and Certificate of Service were served upon counsel for the defendants, John Perry and Candace Williamson, through the CM/ECF system and by e-mail to jkp@perrygriffin.com and cw@perrygriffin.com.

This the 4th day of October, 2017.

/s/Lucius Edwards, Miss. Bar No. 5482
_____
LUCIUS EDWARDS, MISS. BAR NO. 5482
DRAWER 313, HERNANDO, MS 38632
662-429-5786 AND 662-429-2268 (FAX)
e_lucius@comcast.net

ATTORNEY FOR PLAINTIFF