IN THE UNITED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VINCENT MORGAN                                             PLAINTIFF

VS.                           CAUSE NO.: 3:17CV00102-SA-JMV

TUNICA COUNTY SHERIFF K. C. HAMP
*Individually and in His Official Capacity as*
*Sheriff of Tunica County, Mississippi*, et al.              DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's motion [59] wherein he requests that the Clerk make an entry of default as to all Defendants because "they have failed to file an answer to this date to the Amended Complaint served upon them." In support of the motion, Plaintiff cites FED.R.CIV.P. 55.

Plaintiff filed his amended complaint on October 4, 2017 [29, 30]. As such, Defendants' answer or other response was due by October 18, 2017. No answer or other response to the amended complaint was filed by Defendants before the deadline, however. Nevertheless, the docket reflects the parties continued to engage in discovery. And, on March 1, 2018, Plaintiff filed the instant motion—over four months after Defendants' response to the amended complaint was due. Then, one day after the filing of the instant motion, Defendants filed their answer to the amended complaint [62].

Pursuant to FED.R.CIV.P. 55(a), the Clerk must enter a party's default when that party "has failed to plead or otherwise defend, and that failure has been shown by affidavit or

otherwise." Here, Defendants failed to file an answer to the amended complaint before the deadline to do so. Nor did defendants "otherwise defend" prior to the deadline for responding to the amended complaint. *See Smith v. Hollum,* No. W-09-CA-003, 2010 WL 11545442, at *4 (W.D. Tex. March 31, 2010) ("Actions to defend the suit include 'attacks on the service, motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.'") citing *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949).

In their response [63] to the instant motion, Defendants point out that they have now filed their answer to the amended complaint and argue that the instant motion is now moot. Plaintiff has offered no reply to Defendants' response. The undersigned does not agree entirely with Defendants. Nevertheless, though it would appear that Defendants were at one point technically in default, the filing of their response to the instant motion and the filing of their belated answer—one day after the filing of the instant motion[1]— along with other active participation in this suit, which is apparent from the docket,[2] all demonstrate that Defendants are actively defending this action and have not conceded liability. Furthermore, it would appear that Plaintiff has suffered no prejudice as he failed to allege any by way of reply to the instant motion. Therefore, it is ORDERED:

---

[1] *See Mitchell v. Ace American Ins. Co.*, Civil Action No.: 15-15, 2016 WL 3013994, at *2 (E.D. La. May 26, 2016) (denying motion for entry of default where defendant filed an answer shortly after plaintiff filed a motion for entry of default). *See also Beasley v. Avery Dennison Corp.*, No. SA-04-CA-0866, 2006 WL 2864462, at *1 (W.D. Tex. Oct. 4, 2006) (denying request for entry of default on counterclaim where answer was filed quickly after request for entry of default and record indicated both parties were actively litigating all aspects of the controversy); *Covarrubias v. Dukes*, No. 1:14cv379-LY, 2015 WL 1408831, at *2 (W.D. Tex. March 25, 2015) (denying request for entry of default for failure to answer amended pleadings where defendant answered original pleading and otherwise "actively litigated" the lawsuit through motion practice and discovery).

[2] Defendants filed a motion for summary judgment [66] on March 8, 2018. *See Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nevada Feb. 1993) (pointing out that "a summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and undeniable desire to contest the action is sufficient to fall within the ambit of 'otherwise defend' for purposes of FED.R.CIV.P. 55.")

That Plaintiff's motion requesting entry of default against the Defendants is DENIED.

SO ORDERED this, the 9th day of April, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE