IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VINCENT MORGAN                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:17-CV-102-SA-JMV

TUNICA COUNTY SHERIFF K.C. HAMP, and
REGINALD BOYKIN                                                                              DEFENDANTS

MEMORANDUM OPINION

Vincent Morgan filed his Complaint [1] in this Court on May 26, 2017 against Tunica County Sheriff K.C. Hamp in his individual and official capacities and Tunica County Deputy Sheriff Reginald Boykin in his individual and official capacities. In his Amended Complaint [29][1] Morgan, a bail bond agent, alleges three claims brought under 42 U.S.C. § 1983. Morgan alleges that he was wrongly removed from the approved bail bond writing list in violation of his Constitutional rights protected by the First Amendment, Procedural Due Process, and Equal Protection. Morgan filed a Motion for Summary Judgment [50] requesting that the Court grant summary judgment as a matter of law in his favor as to liability. Hamp and Boykin dispute Morgan's claims and filed a Cross-Motion for Summary Judgment [66] requesting summary judgment in their favor on all of Morgan's claims, or in the alternative, that the Court grant them qualified immunity. These motions are fully briefed and ripe for review.

*Factual and Procedural Background*

Plaintiff Morgan, a bail bond agent, has been writing bail bonds in and around Tunica County since 2002. Sometime in 2014, the Plaintiff noticed a decline in his business with the

---

[1] After the Defendants failed to timely answer the Plaintiff's Amended Complaint, the Plaintiff filed a Motion for Entry of Default [59] and a Motion for Default Judgment [60]. The Magistrate Judge assigned to this case denied the Motion for Entry of Default. *See* Order [89]. The Plaintiff did not appeal that denial to this District Judge and the time for doing so has now passed. *See* L.U.CIV.R. 72(a)(1). Because the entry of default was denied, the Plaintiff's Motion for Default Judgment [60] is now MOOT and is DENIED as such.

Tunica County Jail. The Plaintiff launched his own investigation and concluded that the jail staff was diverting clients away from him in favor of other bail bond agents. The Plaintiff also alleges that in some cases, the jail staff diverted clients to their relatives in violation of Mississippi law. Concerned about the decline in business, and believing that the jail staff was disparaging his business in the process of diverting clients away from him, the Plaintiff complained on numerous occasions to the jail staff and to Defendant Boykin.

The Plaintiff further alleges that in 2016, after the Plaintiff continued to voice his complaints, Defendants Boykin and Hamp threatened to remove the Plaintiff from the approved bail bond writing list if he did not stop complaining. Near the end of October 2016, Defendant Hamp removed the Plaintiff from the approved list and advised the Plaintiff's employer of the same in a letter dated November 8, 2016. Defendant Hamp asked the employer to assign a different bail bond agent to the jail, and the employer did so.

According to the Defendants, the Plaintiff was continually disruptive to jail operations by constantly complaining. The Defendants also contend that they launched an internal affairs investigation into the Plaintiff's complaints, but the Plaintiff refused to cooperate with the investigation, and refused to lodge a complaint through any formal process. The Defendants contend that Defendant Hamp was the sole authority behind the decision to remove the Plaintiff from the approved list and that the Plaintiff was removed for being disruptive to jail operations and refusing to cooperate with the internal affairs investigation.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted).

*Procedural Due Process*

The Due Process Clause of the Fourteenth Amendment states, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. Procedural Due Process "imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Hampton Co. Nat. Sur., LLC v. Tunica Cty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). When a property interest is taken, "some form of hearing is required"

before a final deprivation of the interest. *Id.* The Plaintiff alleges that the Defendants violated these rights by removing him from the approved list without a hearing.

To invoke the protections of procedural due process a plaintiff must have suffered a deprivation of life, liberty, or property. *Toler v. City of Greenville*, No. 4:96-CV-34-D, 1997 WL 332168, at *3 (N.D. Miss. June 4, 1997) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995); *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991); *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 548 (1972)).

> In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he must "have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

*Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 735 (5th Cir. 2008); *Blackburn*, 42 F.3d at 936 (citing *Roth*, 408 U.S. at 577, 92 S. Ct. 2701). "Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Toler*, 1997 WL 332168, at *3; *Ridgely*, 512 F.3d at 735; *Blackburn*, 42 F.3d at 936–37 (citing *Perry v. Sinderman*, 408 U.S. 593, 599–601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972)). When a property interest is not based on a substantive federal law or statute, "the sufficiency of the claim of entitlement must be decided by reference to state law." *Toler*, 1997 WL 332168, at *3 (citing *Bishop v. Wood*, 426 U.S. 341, 344, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976); *Blackburn*, 42 F.3d at 937 n. 12).

This Court, and the Mississippi Supreme Court, have addressed the issue of whether there is a constitutionally protected interest in remaining on a bail bond writing list on numerous occasions. Interestingly, several of these cases have involved Sheriff Hamp. There is a clear consensus among these cases that there is no constitutionally protected interest in remaining on

the list in a particular county. *See The Hampton*, 543 F.3d at 221; *Baldwin v. Daniels,* 250 F.3d 943 (5th Cir. 2001); *Richards v. City of Columbus*, 7 F.3d 230 (5th Cir. 1993); *Pugh v. Byrd*, No. 1:12-CV-299-HSO, 2013 WL 12090336, at *3 (S.D. Miss. Nov. 1, 2013), *aff'd,* 574 F. App'x 505 (5th Cir. 2014); *Acor Bonding v. Lee Cty., Miss.*, No. 1:09-CV-20-SA, 2009 WL 2151139, at *3 (N.D. Miss. July 14, 2009); *Ward v. Tunica Cty. Bd. of Sup'rs*, NO. 2:08-CV-177-DAS, 2009 WL 5184375, at *2 (N.D. Miss. Dec. 22, 2009); *Tunica Cty. v. Hampton Co. Nat. Sur., LLC*, 27 So. 3d 1128, 1135 (Miss. 2009) (internal and additional citations omitted).

With such an overwhelming weight of authority on this issue, and no contradictory authority or arguments brought forth by the Plaintiff, the Court finds that the lack of constitutionally protected interest is fatal to the Plaintiff's due process claim, and summary judgment is granted in the Defendants' favor as a matter of law on this claim.

*Equal Protection*

Next, the Plaintiff alleges that the Defendants violated his constitutional rights protected by the Equal Protection Clause. The Plaintiff has not made any argument regarding his membership in a protected class; therefore, the Court construes his claim as a "class of one" claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). "A class-of-one equal protection claim lies 'where the plaintiff alleges that [it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 586 (5th Cir. 2016) (citing *Olech*, 528 U.S. at 564, 120 S. Ct. 1073). The class-of-one theory of recovery is available where there is "a clear standard against which departures, even for a single plaintiff, could be readily assessed." *Id.* (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008)).

To support his equal protection claim the Plaintiff argues that some other bondsmen also made criticisms of jail operations, of which Defendants were aware, and were allowed to remain on the approved list. The Defendants argue that this allegation is too vague and conclusory to substantiate the Plaintiff's claim, and that the Plaintiff has wholly failed to bring forth any evidence of discriminatory intent. The Court agrees. The Plaintiff has not pointed to any evidence in the record, or brought forth any arguments relative to discriminatory intent based on his "class of one".

In addition, the Plaintiff has failed to articulate any "clear standard" that was departed from in his case. *Id*. Finally, because the Sheriff has at least limited discretion to manage the bail bond writing list, and "[t]he Equal Protection Clause does not require 'displacement of managerial discretion by judicial supervision,'" the Court declines to do so here. *Integrity Collision*, 837 F.3d at 588 (quoting *Engquist*, 553 U.S. at 608–09, 128 S. Ct. 2146; *Garcetti v. Ceballos*, 547 U.S. 410, 423, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)). Because the Plaintiff failed to substantiate these essential elements of his equal protection claim, summary judgment is granted as a matter of law in the Defendants' favor on this claim.

*First Amendment*

The Plaintiff's final claim is that the Defendants violated his rights protected by the First Amendment. There are four elements to a cognizable First Amendment claim in this context: (1) an adverse decision; (2) speech that involves a matter of public concern; (3) a plaintiff's interest in commenting on matters of public concern must outweigh the defendant's interest in promoting efficiency; and (4) the speech must have motivated the defendant's action. *Hampton*, 543 F.3d at 229 (citing *Breaux v. City of Garland*, 205 F.3d 150, 156 (5th Cir. 2000)).

The Defendants first argue that the Plaintiff failed to bring forth any evidence that implicates Defendant Boykin in the decision to terminate the Plaintiff from the list, and that Hamp

was the sole and final decision-maker. The Plaintiff has not brought forth any credible evidence or arguments in rebuttal. With no factual basis to establish a First Amendment claim against individual Defendant Boykin, the Court grants summary judgment in his favor on this claim.

The Defendants then argue that the Plaintiff cannot establish a First Amendment claim at all because Hamp terminated the Plaintiff from the list for his behavior, repeated disruptive complaints, and not because of the *content* of his complaints. The Plaintiff argues that his complaints have merit, particularly with respect to the purported violations of law related to jail employees funneling people to their own relatives, and that he was removed specifically because of the public-concern content of his speech.

This is precisely the type of factual dispute that is inappropriate for summary judgment adjudication. The content, frequency, public interest, as well as Hamp's particular motivations, are material facts that underlie nearly all of the elements of the Plaintiff's First Amendment claim. Addressing these material disputes and elements at this stage would require the Court to weigh the credibility of the both the Parties and other disputed evidence and testimony. This is of course impermissible. *See Reeves*, 530 U.S. at 150, 120 S. Ct. 2097. Construing these facts and testimony in the Plaintiff's favor the Court finds that a reasonable jury could conclude that all of the requisite elements of the Plaintiff's First Amendment claim are met.

Because the Plaintiff has raised genuine issues of material fact as to his First Amendment claim, the Court must address the Defendants' alternative qualified immunity argument as to this claim.

*Qualified Immunity*

Qualified immunity protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law. *Crostley v.*

*Lamar Cty., Texas*, 717 F.3d 410, 422-24 (5th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004)). "[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense." *Wolfe v. Meziere*, 566 F. App'x 353, 354 (5th Cir. 2014) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)). "An [official] need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the [official]'s allegedly wrongful conduct violated clearly established law." *Id*. A plaintiff "cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the [] conduct." *Id*.

Courts use a two-prong analysis to determine whether a defendant is entitled to qualified immunity in a given case. The court must decide both whether the plaintiff has alleged a violation of a constitutional right and whether the government official acted objectively unreasonably in light of "clearly established" law at the time of the incident. *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir.), *cert. denied sub nom. Surratt v. McClaran*, 138 S. Ct. 147, 199 L. Ed. 2d 37 (2017) (citing *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).

As discussed above, the Plaintiff has raised genuine issues of material fact as to his First Amendment claim against Hamp.[2] The question the Court must now answer is whether Hamp's actions were "objectively unreasonable" and whether the right was "clearly established". *See id*.

The Plaintiff argues that First Amendment rights are clearly set forth in the constitution and that Hamp was clearly aware of the First Amendment implications of his actions because he

---

[2] Because the Court finds above that the Plaintiff failed to establish constitutional violations relative to his procedural due process claim and his equal protection claim, the individual defendants are entitled to qualified immunity on those claims. *See Allen*, 815 F.3d at 244 (quoting *Ashcroft*, 563 U.S. at 735, 131 S. Ct. 2074; *Harlow*, 457 U.S. at 818, 102 S. Ct. 2727).

has been sued for these very same issues in the past. The Defendants argue that Hamp's actions were objectively reasonable, not motivated by discriminatory intent, and that the previous cases that he was involved in were resolved in his favor.

The Court finds that many of the same disputes of material fact relevant to the elements of the Plaintiff's First Amendment claim also underlie the determination of the reasonableness of Hamp's conduct. As to the "clearly established" prong, and Hamp's involvement in prior cases, the Court notes that the Defendants' argument is only partially correct. In *Hampton*, a strikingly similar case in which Hamp was involved, the Fifth Circuit reversed and remanded the District Court's grant of qualified immunity on the First Amendment claim citing issues of fact and credibility. *Hampton*, 543 F.3d at 230. The implication here is that the Fifth Circuit has recognized a cognizable First Amendment claim, and denied qualified immunity, in a nearly identical context. In addition, in *Baldwin*, one of the foundational cases cited above, on again very similar issues, the Fifth Circuit explicitly recognized a cognizable First Amendment claim in very similar factual circumstances and again reversed and remanded the District Court's dismissal of that plaintiff's First Amendment claim. *Baldwin*, 250 F.3d at 947. The Defendants have not distinguished these cases or brought forth any other relevant arguments on this issue.

For these reasons, the Court finds that several disputes of material fact underlie both the elements of the Plaintiff's First Amendment claim and the application of the qualified immunity prongs. These disputes of material fact prevent summary judgment adjudication of this claim, and Defendant Hamp is not entitled to qualified immunity on this claim. *See Reeves*, 530 U.S. at 150, 120 S. Ct. 2097.

*Conclusion*

For all of the reasons explained above, the Defendants' Motion for Summary Judgment [66] is GRANTED in part and DENIED in part.

The Plaintiff's First Amendment Claim against Defendant Hamp will proceed to trial. All other claims are DISMISSED with prejudice.

All of the Court's discussion, analysis, and application of law to the facts applies equally to the Plaintiff's Motion for Summary Judgment [50]. For all the same reasons fully explained in this opinion, the Plaintiff's Motion for Summary Judgment [50] is DENIED.

So ORDERED on this the 29th day of May, 2018.

    /s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE